# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EDWIN ERSHEN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:19 CV 1200 RWS |
| KEEP RUNNING TRUCKING CORP., et al., | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

Plaintiff alleges that he sustained injuries when the vehicle he was driving was struck by a tractor trailer driven by defendant Medina. At the time, Medina was operating the tractor trailer for his employer, defendant Keep Running Trucking Corp. Count I of plaintiff's First Amended Complaint is brought against Keep Running for vicarious liability under Missouri law. Count II of plaintiff's First Amended Complaint is also brought against Keep Running and alleges that the trucking company negligently hired, trained, supervised, and entrusted Medina. In its answer, Keep Running admits that Medina was its agent and/or employee and was operating in the course and scope of his agency and/or employment with Keep Running at the time of the accident. Keep Running now moves to dismiss Count II of the First Amended Complaint, arguing that plaintiff cannot maintain an action for negligent hiring, entrustment, supervision and/or training under Missouri law where it has admitted that Medina was acting as its agent at the time of the accident for purposes of respondeat superior liability.

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Hager v. Ark. Dept. of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). The Federal Rules of Civil Procedure require only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A party may state as many separate claims . . . as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3).

In support of its argument, Keep Running relies on the Missouri Supreme Court case of *McHaffie v. Bunch*, 891 S.W.2d 822, 827 (Mo. 1995), which held that "once the agency relationship was admitted, it [is] error to permit a separate assessment of fault . . . based upon the negligent entrustment or negligent hiring theories of liability. It was also error to submit evidence on those theories." *Id.* at 827. Although some judges have interpreted this restriction to apply at the pleadings stage, I have previously declined to reach that interpretation and do so again in this case. *See*, *Branson v. FAF, Inc.*, No. 4: 17 CV 2847 RWS, 2018 WL 690988, at *2 (E.D. Mo. Feb. 2, 2018); *Cisco v. Mullikin*, No. 4:11 CV 295 RWS, 2012 WL 549504, at *1 (E.D. Mo. Feb. 21, 2012). I continue to believe that the holding in *McHaffie* concerns the assessment of fault and submission of evidence at trial and does not plaintiff from pleading alternative theories of recovery under respondeat superior and negligent hiring, training, and supervision. *See also*, *Kwiatkowski v. Teton Transportation, Inc.*, No. 11-1302-CV-W-ODS, 2012 WL 1413154, at * (W.D. Mo. April 23, 2012) (*McHaffie* does not prevent a plaintiff from pleading negligent hiring, entrustment, training and supervision claims even where an employer admits agency of employee). For the same reason, defendant's alternative motion to strike will also be denied. *See Sargent v. Justin Time Transportation, L.L.C.*, No. 4: 09 CV 596 HEA, 2009 WL 4559222, at *2 (Nov. 30, 2009) (Because *McHaffie* does not prevent plaintiff from pleading

alternative theories of recovery, it would be premature to strike alternative theory of recovery at outset of case).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss or strike [20] is denied.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 31st day of May, 2019.